UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., | ) |
| Plaintiff, | ) |
| vs. | )   No. 4:12-CV-1962 SNLJ |
| AMERICAN ECONOMY INS. CO., et al., | ) |
| Defendants. | ) |

## MEMORANDUM

In 2009, plaintiff Radha Geismann, M.D., P.C. ("Geismann"), brought a lawsuit in the Circuit Court of St. Louis County against Contexo Media, LLC ("Contexo") alleging that Contexo violated the various federal and state statutes by sending unsolicited advertising faxes (sometimes called "junk faxes") to plaintiff and more than 39 others.   That matter is still pending in St. Louis court.

On October 24, 2012, plaintiff filed a lawsuit in this Court against Contexo and its insurer, American Economy Insurance Company ("AEIC").  Plaintiff seeks a declaratory judgment concerning the rights and obligations under the commercial general liability Policies issued by AEIC to Contexo.  Contexo has defaulted in this case (though not in the underlying state litigation), and a default judgment has been entered (#30).  AEIC filed the instant motion to dismiss (#8), and that motion is fully briefed and ripe for disposition.

AEIC issued to Contexo a general liability insurance policy that was renewed annually for a total of four policy periods between July 22, 2005 and July 22, 2009.  The policies themselves offer coverage for damages because of "property damage" and "personal and advertising injury."

When Contexo was sued by plaintiff in the underlying state court action, Contexo tendered defense of that action to AEIC.  AEIC thereafter defended Contexo under a reservation of its rights to contest coverage.

Defendant AEIC contends that plaintiff's lawsuit here should be dismissed both (1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and (2) pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over the claim.  "Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight System, Inc. v. International Broth. Of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). Thus, a claim by a party that lacks standing is properly dismissed pursuant to Rule 12(b)(1). *Cook v. ACS State & Local Solutions, Inc.*, 756 F. Supp. 2d 1104, 1106 (W.D.Mo. 2010), *aff'd*, 663 F.3d 989 (8th Cir. 2011).  A Rule 12(b)(1) motion may challenge the complaint on its face or on the factual truthfulness of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  When a party makes a facial challenge, as defendant does here, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted); *see also Evanston Ins. Co. v. Harris Med. Associates, LLC*, 4:12CV1646 JCH, 2013 WL 4505298, *2 (E.D. Mo. July 10, 2013).

In this diversity case, the Court may not address a party's claims unless the party establishes standing to sue under both Article III of the United States Constitution and the

relevant state law. *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998); *see also Evanston Ins. Co.*, 2013 WL 4505298, at *2.  Although plaintiff states that defendant's reliance on Missouri law is not appropriate because federal law governs standing issues, a Court sitting in diversity applies the relevant state law when evaluating whether a party has standing.  *Wolfe*, 143 F.3d at 1126.

To have standing to bring a lawsuit under Article III of the Constitution, a litigant must assert its own legal rights and interests and cannot rest a claim for relief on the legal rights or interests of third parties.  *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474-75 (1982).  Here, plaintiff has standing to obtain the declaration she seeks if she is a party to the contracts or is a third party beneficiary to the contracts.  *Farmers Ins. Co., Inc. v. Miller*, 926 S.W.2d 104, 107 (Mo. Ct. App. 1996).  Plaintiff does not claim to be a party to the contract, and her effort to cast herself as a third party beneficiary is belied by Missouri law, which states unequivocally that she is not.  *See State Farm Mut. Auto. Ins. Co. v. Allen*, 744 S.W.2d 782, 785 (Mo. banc 1988).  Plaintiff suggests that Utah law should apply, but those courts apply the same general rule.  *Berneau v. Martino*, 223 P.3d 1128, 1133 (Utah 2009) ("In Utah, a plaintiff must direct his action against the actual tortfeasor, not the insurer.") (quoting *Campbell v. Stagg*, 596 P.2d 1037, 1039 (Utah 1979)).  Plaintiff may be able to bring her claim for declaratory judgment if she had a judgment against the insured or if she had an agreement with the insured and insurer, but she does not allege any such agreement.  Thus, plaintiff lacks standing to bring its declaratory judgment claim against defendant.  *See also, e.g.*, *Evanston Ins. Co.*, 2013 WL 4505298, at *2 ("Furthermore, it is undisputed that [the injured party] has not obtained a judgment against [insured], nor does it have a written agreement with

[insured] and [insurer] establishing [insured]'s liability. [The injured party] thus lacks standing to pursue its Counterclaim."); *Markel Am. Ins. Co. v. Unnerstall*, 4:07CV1438-DJS, 2009 WL 57451, *5 (E.D. Mo. Jan. 9, 2009) ("Since plaintiff has not alleged and presented undisputed evidence that it is a party to or a third-party beneficiary of the insurance contract between [insured] and defendant, plaintiff has not demonstrated that it has standing to seek a declaration of rights, status, or legal relationship pursuant to that contract.").

Because the Court will dismiss plaintiff's case pursuant to Rule 12(b)(1), the Court will not address defendant's arguments for dismissal pursuant to Rule 12(b)(6).

Dated this   20th   day of September, 2013.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE